| | |
|---|---|
| **JACOB HALTERMAN**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE RENFROW GROUP, LLC,**<br><br>Defendant. | Case No.:<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Jacob Halterman, on behalf of himself and all others similarly situated ("Plaintiff"), hereby files this Original Complaint against Defendant, The Renfrow Group, LLC, ("Defendant"), showing in support as follows:

## I.  INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., and the North Carolina Wage and Hour Act ("NCWHA") N.C. Gen. Stat §§ 95-25.1 et seq. (collectively, the "FLSA").

2. Defendant is a security and facilities management company that provides uniformed security and mobile patrol services, asset protection management, event security, and electronic surveillance.

3. Plaintiff is or was an hourly-paid, non-exempt security guard employee of Defendant who worked at Defendant's customers' sites providing security services including patrolling, monitoring, and reporting suspicious activity. Plaintiff and similarly situated security guards frequently earned either the applicable minimum wage or no compensation at all. When

they worked over forty hours in a workweek, which happened frequently, Plaintiff and similarly situated security guards were eligible to receive overtime wages.

4. Defendant's policies and/or practices with regard to Plaintiff and similarly situated security guards violated the FLSA. Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties that were an "integral part of [his] principal activity" pursuant to 29 C.F.R. § 553.221, including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. The time that Plaintiff and similarly situated security guards spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

5. In weeks when Plaintiff and similarly situated security guards worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207.

6. Defendant's policies and/or practices with regard to Plaintiff and similarly situated security guards violated the NCWHA. Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties that were an "integral part of [his] principal activity" pursuant to 29 C.F.R. § 553.221, including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. The time that Plaintiff and similarly situated security guards spent completing these pre- and post-liminary duties without pay was more than *de minimus.*

7. In weeks when Plaintiff and similarly situated security guards worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the NCWHA's overtime provisions under 29 U.S.C. § 207.

8. Plaintiff seeks all damages available under the law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which he may be entitled.

## II. THE PARTIES

### A. Plaintiff Jacob Halterman

9. Plaintiff Jacob Halterman is an individual residing in Apex, North Carolina. He has standing to file this lawsuit.

10. Plaintiff was a security guard employee of Defendant who worked in and around Raleigh, North Carolina.

11. Plaintiff was employed by Defendant from June of 2023 to September 2024.

12. Plaintiff was paid just $18.00 per hour during his employment with Defendant.

13. Plaintiff's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit "A".

### B. Putative Collective Action Members

14. Plaintiff brings this action on behalf of himself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in the United States at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who was denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation or of failing to accurately record working time and are not currently a plaintiff in another wage and hour matter pending against Defendant.

15. Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

16. Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

17. Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the NCWHA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

## C.     Defendant The Renfrow Group, LLC

18. Defendant The Renfrow Group, LLC, is a corporation formed under the laws of the state of North Carolina and headquartered in North Carolina.

19. Defendant will be served via its registered agent, Eldreth Law Firm, PLLC, at their address 115 S St. Mary's St # C, Raleigh, NC 27603 in compliance with the Federal Rules of Civil Procedure.

20. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce by any person.

22. On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## III. JURISDICTION AND VENUE

23. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1337 (commerce), 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

24. The United States District Court for the Eastern District of North Carolina has personal jurisdiction over Defendant because Defendant is headquartered in North Carolina and in this District.

25. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV. FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

26. Plaintiff worked for Defendant as a nonexempt, hourly-paid security guard employee, providing security services including patrolling, monitoring, and reporting suspicious activity. Security services might also include monitoring retail stores and warehouses, controlling gate access, doing badge checks, redirecting traffic, and directing individuals around secured sites, all of which are more specific tasks falling under Plaintiff's more general patrolling, monitoring, and reporting job duties.

27. All of the putative Collective Action Members were similarly classified as nonexempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiff.

28. In some workweeks, Plaintiff performed over forty hours of work, and Defendant compensated some, but not all, of the overtime premium wages he was entitled to, because Defendant did not compensate him for mandatory pre- and post-liminary work duties completed before and after his shift.

29. Plaintiff frequently worked at off-site locations as the sole guard on duty.

30. Plaintiff and similarly situated security guards frequently earned either the applicable minimum wage or nothing at all. When he worked over forty hours in a workweek which happened frequently, Plaintiff and similarly situated security guards were eligible to receive overtime wages, and may have received some overtime wages.

31. However, Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after his scheduled shifts. Plaintiff was required to perform "off-the-clock" duties after his shift had ended including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. Plaintiff was required to perform "off the clock" duties before his shift, including receiving briefing from the guard who had been on duty the prior shift. The time that Plaintiff and similarly situated security guards spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

32. Defendant also failed to correct malfunctions in its time tracking software that resulted in hours worked by Plaintiff going unrecorded and uncompensated.

33. Defendant's failure to compensate Plaintiff for work he performed "off-the-clock" and to accurately record working time resulted in violations of state and federal wage and hour laws.

34. Plaintiff was frequently required to come in to work 10 minutes before his shift to participate in turnover job duties, but Defendant did not permit them to clock in until his shift was scheduled to begin. Defendant also required Plaintiff to continue to secure the buildings he patrolled on behalf of Defendant until a relief security guard arrived to relieve him, but Defendant did not pay Plaintiff for any time he spent continuing to perform duties after his shifts ended. In

some instances, Plaintiff and the Putative Class Action Members would be required to wait up to several hours for relief security guards to arrive.

35. Now, as the result of Defendant's failure to pay for time worked "off-the-clock" and to accurately record working time, Plaintiff is entitled not only to his back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

36. Such overtime violations were not limited to a particular pay period but occurred regularly throughout Plaintiff's tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective Action Members.

37. Defendant's failure to pay for work performed "off-the-clock" and to accurately record working time was not limited to weeks in which Plaintiff and the putative Collective Action Members worked overtime.

38. On information and belief, this policy or practice of Defendant to only pay wages for assigned shifts, to fail to pay for mandatory pre- and post-liminary work performed "off-the-clock," and to fail to correct malfunctions in its time tracking software was uniformly and consistently applicable to all of its security guard employees across the country.

39. The above-described mandatory work time completed "off-the-clock" and unrecorded working time was not included in Plaintiff's and putative Collective Action Members' itemized wage statements.

40. Defendant willfully did not pay Plaintiff and putative Collective Action Members the sums due pursuant to work performed "off-the-clock" at the time of their separation from employment with Defendant. These practices and failures were not limited but have commonly occurred and continued at Defendant's locations nationwide.

41. Defendant either knew or should have known that Plaintiff was required to work "off-the-clock." Defendant could have easily determined how long it took for its security guards to complete duties performed "off-the-clock" or could have permitted Plaintiff and similarly situated security guard employees to "clock in" as soon as they began performing job duties and "clock out" when they were fully relieved of duty.

42. Defendant intentionally and/or willfully failed to pay Plaintiff and putative Collective Action Members all wages owed in violation of the FLSA.

## V. FLSA CLAIMS FOR OVERTIME PAY

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**D. FLSA Coverage**

44. All conditions precedent to this suit, if any, have been fulfilled.

45. At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

46. At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

47. At all times relevant to this lawsuit, Defendant has employed, and continues to employ, hundreds of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

48. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### E. FLSA Allegations

49. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid security guard employees of Defendant at locations across the country.

50. At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

51. On information and belief, hundreds of hourly-paid security guard employees worked for Defendant in connection with its security and facility services enterprise during the three years preceding the filing of this action.

52. During the relevant time period, Plaintiff and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts began.

53. Defendant's requirement that Plaintiff perform work "off-the-clock" without compensation and failure to accurately record working time violated the FLSA's overtime provisions. 29 U.S.C. §§ 206-07.

54. Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week in which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action

Members were required to complete "off-the-clock" and Defendant's failure to accurately record working time, Defendant has failed to keep accurate records pursuant to the foregoing requirements.

**F. Collective Action Allegations**

55. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other nonexempt hourly-paid security guard employees who were required to complete mandatory pre- and post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. §§ 207 and 216(b).

56. Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other nonexempt hourly-paid security guard employees who similarly did not receive compensation for time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of his co-workers at those locations. Furthermore, other nonexempt hourly-paid security guard employees have shared with the Plaintiff that they experienced similar pay violations as those described in this Complaint.

57. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to providing security guard services on behalf of Defendant as employees and receiving no compensation for required work performed outside of scheduled shifts.

58. The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

59. Defendant's failure to pay overtime compensation in connection with mandatory pre- and post-liminary work or to accurately record working time results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

60. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

61. Although the exact amounts of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

62. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in the United States at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who was denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation or of failing to accurately record working time and are not currently a plaintiff in another wage and hour matter pending against Defendant.

## G. Class Action Allegations

63. Plaintiff also brings this action under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.6, 95-25.7, 95-25.22, and 95-25.22(a1) ("NCWHA").

64. Plaintiff brings this NCWHA action on behalf of all Defendant's current and former security guard employees that were employed on an hourly-pay basis relative to providing security guard services on behalf of Defendant as employees and receiving no compensation for required work performed outside of scheduled shifts within two years before this Complaint was filed up to the present ("the NCWHA Class").

65. This action is maintainable as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 95-25.7, for failure to pay promised and earned wages for all hours worked by Plaintiff and the NCWHA Class.

66. The NCWHA Class is so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 100 persons.

67. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the NCWHA Class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant failed to pay Plaintiff and members of the NCWHA Class promised and earned regular and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6 and 95-25.7;

(b) whether Defendant had a policy and/or practice of requiring Plaintiff and the NCWHA Class to report to work 10-minutes prior to the start of their scheduled shifts and perform work without compensation;

(c) whether Defendant had a policy and/or practice of requiring Plaintiff and the NCWHA Class to work off-the-clock; and

(d) whether Defendant's refusal to pay such compensation is in violation of NCWHA.

68. The claims of Plaintiff are typical of those claims that could be alleged by any NCWHA Class member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant; i.e. refusing to timely pay all promised and earned wages on regular pay

- 12 -
Case 4:25-cv-00042-D-BM     Document 1     Filed 02/20/25     Page 12 of 17

days as a result of Defendant's policy and practice of not compensating Plaintiff and the NCWHA Class for time worked outside of scheduled shifts, and requiring Plaintiff and the NCWHA Class to report to work 10-minutes prior to the start of their scheduled shifts. The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

69. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff's interests in the claims are in no way antagonistic or adverse to those of other class members and the undersigned counsel are experienced litigators who have been named counsel for many class and collective actions.

70. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

71. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk

of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## VI. CAUSES OF ACTION

### 1. First Claim for Relief – Violation of the FLSA

72. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

73. The foregoing conduct, as alleged, violated the FLSA.

74. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

75. Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action Members, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

76. Defendant failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation and failing to accurately record working time.

77. As set forth above, Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

78. Plaintiff seeks all damages to which he is entitled under the FLSA, including his back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2. Second Claim for Relief – Violation of North Carolina Wage and Hour Act

79. Plaintiff re-alleges and incorporates by reference the above allegations.

80. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiff and the NCWHA Class to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

81. Defendants violated N.C. Gen. Stat. §§ 95-25.6 and 95-25.7 by failing to pay Plaintiff and the NCWHA Class all promised wage and overtime payments on the employees' regular payday for all hours worked.

82. Defendant's violation of the NCWHA was willful.

83. Due to Defendant's willful NCWHA violations, Plaintiff, on behalf of himself and the members of the NCWHA Class, are entitled to recover from Defendant (1) compensation for unpaid wages; (2) an additional equal amount as liquidated damages; and (3) reasonable attorneys' fees and the costs of this action, pursuant to the NCWHA.

## VII. JURY DEMAND

84. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

# VIII. DAMAGES AND PRAYER

85. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

   c. Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages under N.C.G.S. § 95-25.22 with respect to the NCWHA Class;

   d. Enter a judgment against Defendant, and in favor of the named Plaintiff and the Collective Class, under First Claim in an amount equal to the total of the unpaid wages due the named Plaintiff and the Collective Class under 29 U.S.C. § 206(a)(1), plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

   e. Enter judgment against Defendant, and in favor of the named Plaintiff and NCWHA Class, under Second Claim in an amount equal to the total of the unpaid wages due to Plaintiff and the NCWHA Class of workers under N.C.G.S. §§ 95-25.22(a), plus an equal additional amount as liquidated damages under N.C.G.S. § 95-25.22(a)(1) plus interest in the manner and at the rate prescribed in N.C.G.S. § 95-25.22(a);

   f. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

   g. Award Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), and N.C.G.S. § 95-25.22(d) against Defendant;

   h. Award Plaintiff and the NCWHA Classe prejudgment and post judgment interest as allowed by law against Defendant;

   i. Enter a Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

j. Enter a Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

k. Appropriate statutory penalties;

l. Costs of action incurred herein, including expert fees;

m. Such other injunctive and equitable relief as the Court may deem just and proper.

Respectfully submitted,

BY: *s/Jacob J. Modla*
Jacob J. Modla (#17534)
**CROMER BABB & PORTER, LLC**
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211
Phone: 803-799-9530
jake@cromerbabb.com

Colby Qualls (*Pro Hac Vice* pending)
**FORESTER HAYNIE PLLC**
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Phone: 214-210-2100
cqualls@foresterhaynie.com

*Counsel for Plaintiff and Proposed Collective Action Members*

February 19, 2025